**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Elizabeth Ann HARWARD,
Defendant–Appellant.**

**No. 02–4941.**

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 9, 2003.

Decided Oct. 16, 2003.

Daniel Smith Johnson, Grace, Holton, Tisdale & Clifton, P.A., Winston–Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

Elizabeth Ann Harward appeals her convictions and sentences for conspiracy to possess with intent to distribute anabolic steroids in violation of 21 U.S.C. §§ 846; 841(a)(1), (b)(1)(D) (2000) and possession

with intent to distribute anabolic steroids in violation of 21 U.S.C. § 841(a)(1),(b)(1)(D) (2000). Harward's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising for the court's consideration the issue of whether the district court properly increased Harward's offense level by three levels pursuant to *U.S. Sentencing Guidelines Manual* § 2J1.7 (2002), but stating that, in his view, there are no meritorious grounds for appeal. Although notified of her right to file a supplemental brief, Harward declined to do so.

We review the district court's factual determinations concerning the application of the Sentencing Guidelines for clear error and legal conclusions de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir.1989). After careful consideration, we find the preponderance of the evidence demonstrates that Harward committed a new criminal offense while on bond. Accordingly, the district court properly increased the offense level for the offense committed while on release by three levels.

*See* U.S.S.G. § 2J1.7; 18 U.S.C. § 3147 (2000).

We have reviewed the record in accordance with *Anders* and find no meritorious issues. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may file a motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*